{¶ 26} I respectfully concur in part and dissent in part with the majority's opinion.
 {¶ 27} First, with respect to the issue of standing, I agree with the majority that Dr. Shimon Zuckerman is a real party in interest. The personal guarantees, which form the sole basis for any claim against appellees herein, contain a provision stating appellees "agree to personally guaranty to Shimon Zuckerman" the sum of $20,000, in exchange for "your extending a loan to Titusville Ford Lincoln-Mercury, Inc." Whether Zuckerman or his corporation actually loaned the money to James Gray or the Titusville car dealership does not matter with regard to the issue of standing. By signing the note, appellees acknowledged that it was Zuckerman personally whom they were obligated to and should not now be able to claim otherwise. Clearly, whatever potential "guaranty" was made was given to Zuckerman personally and this alone would give him standing to bring suit. *Page 10 
 {¶ 28} However, in reviewing the undisputed facts, it is clear there was no consideration for the execution of the "Personal Guaranty" notes signed by appellees. In Zuckerman's deposition, he clearly testified that all of the notes were signed well after the loan documents were executed and the loan proceeds delivered. Whether the loan from Zuckerman went to Gray or the dealership, it is clear that appellees made no promises, guarantees, or commitments of any kind to Zuckerman prior to his lending of the money; the only promises made came from Gray.
 {¶ 29} As a result, it is also evident that at the time appellees executed these notes, they were under no obligation whatsoever to do so. The question of consideration is addressed in the notes, which state, in part, "in consideration of your extending a loan to Titusville Ford Lincoln-Mercury, Inc., dated February 16, 1990." However, that loan to the dealership had already been made. Whether the loan proceeds turned out to be of benefit to appellees is irrelevant, since if there was a benefit to appellees, it was going to occur regardless of whether they signed the note. Any potential benefit was not a result of their signing the note, since the proceeds had already been delivered. Therefore, there was no separate "consideration" for the notes at issue.
 {¶ 30} Accordingly, the judgment of the Trumbull County Court of Common Pleas should be affirmed. *Page 1